## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MATTHEW W. MILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-CV-1138 SRW |
| BILLY BUSCH, JR., | ) ) ) |
| Defendant. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Matthew Miller's submission of a civil complaint and motion for leave to proceed in forma pauperis. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, as explained below, the Court finds that the complaint is frivolous and fails to state a claim upon which relief may be granted and will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that, *inter alia*, is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33

(1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

The complaint is handwritten on a Court-provided form. Plaintiff brings this action against Billy Busch, Jr., the founder of the William K. Busch Brewing Company, which produces beers such as Kraftig Lager and Kraftig Light.

Under the section of the complaint titled, "Statement of Claim," plaintiff states that he has been subjected to "racketeering and assault" as well as 400-500 concussions. He states:

> The defendant has used my life, my marriage, my livelihood to take for himself and profit from prostitution. He has struck me from behind in the head between four and five hundred times. He has drugged me about forty times. Thrown me from buildings of multiple heights and from different buildings. Paid people to keep me

2

from succeeding and to make me not liked for many different reasons, in many different ways. He has also sexually assaulted my child.

In the "Civil Cover Sheet," plaintiff identifies the causes of action as "treason" and "racketeering." In the section of the form complaint provided for plaintiff to list the specific federal statutes or constitutional provisions at issue in this case, he wrote, "treason, impairing, extorsion, embezzlement, racketeering."

Although plaintiff has not indicated that he is bringing an action under this Court's diversity jurisdiction, in the section of the form complaint provided for plaintiff to identify the amount in controversy, he filled in: "I am being played out of my livelyhood. [sic] The amounts being used and collected are huge. 100 trillion."[1]

Under the section of the complaint titled, "Relief," plaintiff states that he wants "a massive amount of money from the defendant." Additionally, he "not wants to be harassed or intruded upon."

**Discussion**

Despite having carefully reviewed and liberally construed the complaint, the Court cannot discern plaintiff's claims against defendant Billy Busch, Jr., or how defendant has allegedly acted against him in an unlawful manner. Rather, plaintiff's allegations fail to state a cohesive claim for relief.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se plaintiffs are required to set out their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Here, plaintiff has not done so. While this Court must liberally construe pro

---

[1] In a supplement filed on October 6, 2023, plaintiff asked that this number be changed to "ten centrillion." [sic].

3

se filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded). Additionally, plaintiff's allegations are nonsensical, and indeed "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of November, 2023.

_____
HENRY EDWARD AUTRY
UNITED STATES DISTRICT JUDGE